

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | | | |
|---|---|---|---|
| **In re:** | ) | | |
| | ) | | |
| **RICHARD PACE and** | ) | Case No.: | 13-14017-JDW |
| **MARY ANN PACE,** | ) | | |
| | ) | | |
| Debtors. | ) | Chapter: | 7 |
| | / | | |

**MEMORANDUM OPINION AND ORDER SUSTAINING**
**CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS[1]**

This matter came before the Court for hearing on June 10, 2014, on the Objection to the Debtors' Claim of Exemptions (the "Objection")(Dkt. # 15) filed by Selene D. Maddox, the chapter 7 trustee in this case (the "Trustee"). At the hearing on the Objection, the Trustee appeared, and attorney Lesley C. Walters appeared on behalf of Richard and Mary Ann Pace (the "Debtors"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 6, 1984. This is a core

---

[1] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7052. To the extent any of the findings of fact are considered conclusions of law, they are adopted as such. To the extent any of the conclusions of law are considered findings of fact, they are adopted as such.

proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (B). The Court has considered the Objection, the Debtors' response to the Objection (Dkt. # 19), the Debtors' brief in support of its response (Dkt. # 45), and the Trustee's brief in support of the Objection (Dkt. # 84).[2] In addition, the Court has considered the entire record in this case, the arguments of counsel, and the applicable law. In this case, the Court must determine whether joint debtors in a bankruptcy case are permitted to separately claim the $75,000.00 homestead exemption under Mississippi law, effectively allowing a married couple to exempt equity of $150,000.00 in their home. For the reasons set forth below, this Court concludes that they may not.

## I. FINDINGS OF FACT

The pertinent facts in this case are brief and undisputed. The Debtors filed their joint chapter 7 bankruptcy petition on February 25, 2013 (Dkt. # 1). Along with their petition, they filed Schedule C – Property Claimed as Exempt, in which they claimed as exempt the full value of their home. The Debtors assert in Schedule C that the home is worth $130,000.00, and that they are permitted to exempt its full value under § 85-3-21 of the Mississippi Code by each claiming, individually, up to a $75,000.00 homestead exemption. There are no liens on the Debtors' home. The Trustee timely filed her Objection to the Debtors' claim of exemptions, contending instead that the Debtors are limited to a single exemption in their home of $75,000.00, the historical practice in Mississippi. The Trustee does not raise any other issue with regard to the Debtors' claim of exemptions.

---

[2] The briefs filed by the parties also contain arguments for and against the severance of this case and the conversion of this case to chapter 13. These arguments are not addressed herein, as both of those motions were later withdrawn by the Debtors.

## II.  CONCLUSIONS OF LAW

**A.    Exemptions in Bankruptcy.**

When a debtor files a bankruptcy petition, all of the debtor's assets as of the petition date become property of the bankruptcy estate. 11 U.S.C. § 541.[3] The debtor may then reclaim certain property from the estate by claiming it as exempt. 11 U.S.C. § 522; *Schwab v. Reilly,* 560 U.S. 770, 774 (2010). "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors. Exemption of property, together with the discharge of claims, lets the debtor maintain an appropriate standard of living as he or she goes forward after the bankruptcy case." *In re Urban*, 361 B.R. 910, 913 (Bankr. D. Mont. 2007)(citation omitted) *aff'd,* 375 B.R. 882 (B.A.P. 9th Cir. 2007). Exemptions are important to a debtor's fresh start, because property fully exempted under § 522 may not be liquidated by the trustee for the benefit of unsecured creditors. *See Owen v. Owen*, 500 U.S. 305, 308 (1991).

Section 522(d) lists categories of property that a debtor may claim as exempt (known as the "federal exemptions"), but § 522(b) provides that states may prohibit their citizens from choosing the federal exemptions (referred to as "opting out") and instead require the use of state law exemptions. Like many states, Mississippi has opted out, limiting Mississippi debtors to the exemptions provided under Mississippi state law, which provides for the exemption of a variety of personal items and real property. *See* MISS. CODE ANN. §§ 85-3-1 (personal and real property) and 85-3-21 (homestead). In addition to the exemptions provided by those statutes, as discussed further below, property owned by spouses as tenants by the entirety is exempt from the claims of

---

[3] All statutory references are to Title 11, United States Code (the "Code" or the "Bankruptcy Code"), unless otherwise noted.

creditors of only one spouse (but not necessarily from the claims of joint creditors). *In re Dixon*, No. 10-51214-KMS (Bankr. S.D. Miss. March 31, 2011).

In order to claim exemptions, debtors are required to file a list of property claimed as exempt. 11 U.S.C. § 522(l). Rules 4003(a) and 1007 of the Federal Rules of Bankruptcy Procedure set forth the format and information required to be filed by a debtor regarding his claimed exemptions. The property claimed by a debtor as exempt is then considered exempt unless a party in interest objects. *Id.* If a debtor does not file a list of property that she claims as exempt, a debtor's dependent or spouse may do so in her stead. 11 U.S.C. § 522(l). This provision furthers the exemption policy, as it preserves assets necessary for the minimal support of the debtor and his or her dependents, which in turn minimizes the societal costs of the debtor's indigence. 4 COLLIER ON BANKRUPTCY ¶ 522.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Another example of this policy is the provision that renders waiver of exemptions or of avoiding power unenforceable in bankruptcy cases. 11 U.S.C. § 522(e).

Exemptions are to be liberally construed in favor of the debtor, but a court may not depart from statutory language or "extend the legislative grant," even under the guise of liberal construction of the exemption. *In re Lenox*, 58 B.R. 104, 106 (Bankr. D. Nev. 1986).

**B.      Application of Federal or State Exemptions.**

In jurisdictions where a debtor may elect either federal exemptions or state exemptions, § 522(b) makes clear that joint debtors must elect the same set of exemptions – either federal or state. Section 522(m) provides that § 522 applies separately to each debtor in a joint case, making it clear that joint debtors electing the federal exemptions are permitted to double the monetary amount of their exemptions. Thus, joint debtors claiming federal homestead

exemptions under § 522(d)(1) may each claim an exemption of $22,975.00, for a total exemption of $45,950.00 in the same property.

A state's ability to opt out of the federal exemptions is very broad. *See, e.g., Owen*, 500 U.S. at 308 ("Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all."). The majority of courts considering the question have held that, in an opt-out state, whether each debtor in a joint case may separately claim a particular exemption is controlled solely by that state's law. *Granger v. Watson (In re Granger)*, 754 F.2d 1490 (9th Cir. 1985). Most courts also hold that § 522(m)'s provision that the statute applies separately with respect to each debtor in a joint case does not serve to create any right to exemption doubling under state law where it does not otherwise exist. *In re Rasmussen*, 349 B.R. 747, 755 (Bankr. M.D. Fla. 2006)(citing *Joe T. Dehmer Distributors, Inc. v. Temple*, 826 F.2d 1463, 1469 (5th Cir. 1987)(applying Mississippi law)(additional citations omitted). Accordingly, a state may validly limit a married couple to a single homestead exemption. *See, e.g., Lenox*, 58 B.R. at 105. As Mississippi is an opt-out state, § 522(m) is of no benefit to the Debtors here. MISS. CODE ANN. § 85-3-2.

**C.     Other States' Homestead Exemptions.**

State homestead exemption statutes vary widely in application, dollar amount, and land size. For example, Florida (an opt-out state) has a state homestead exemption that is unlimited in value, but limited to half an acre within a municipality or 160 acres outside a municipality. FLA. CONST. Art. X § 4. Alabama, on the other hand (also an opt-out state), limits its state homestead exemption to $5,000 for a single person and $10,000 for a married couple. ALA. CODE § 6-10-2. Some states require that a debtor have a family, but not necessarily be married, to claim a homestead exemption (or an enhanced homestead exemption). *See, e.g., Border v. McDaniel (In*

*re McDaniel)*, 70 F.3d 841 (5th Cir. 1995)(widower debtor with no dependents remained a "family" for purposes of the enhanced Texas homestead exemption).

Several states restrict the right of debtors to double the amount of their limited homestead exemptions, either explicitly by the language of their statutes[4] or through case law.[5] Another state, Arkansas, has a homestead exemption that is unlimited as to value, but limited to one-quarter acre within city limits or 160 acres outside of city limits. *Stevens v. Pike County Bank (In re Stevens)*, 829 F.2d 693 (8th Cir. 1987)(applying Arkansas law). Joint debtors in Arkansas may not double the acreage they are permitted to exempt. *Id.* In other states, however, joint debtors using state exemptions are permitted to double the monetary amount of their exemptions. *See, e.g., John T. Mather Mem'l Hospital of Port Jefferson, Inc. v. Pearl,* 723 F.2d 193 (2d Cir. 1983)(applying New York law); *In re Alvarez,* 14 B.R. 940 (Bankr. D. Co. 1981)(Colorado law). In most cases, these states' exemption statutes make it clear that doubling is allowed. *See, e.g.,* IND. CODE ANN. § 34-55-10-2(c)(1)($15,000 exemption "individually available to joint debtors concerning property held by them as tenants by the entireties.").

Joint debtors are entitled to only one homestead exemption under Vermont law. *D'Avignon v. Palmisano,* 34 B.R. 796 (D. Vt. 1982).[6] The Vermont statute applied by the court in *D'Avignon* provided that "[t]he homestead of a natural person consisting of a dwelling house,

---

[4] ALASKA STAT. § 09.38.010; ARIZ. REV. STAT. ANN. § 33-1101(B); CAL. CIV. PROC. CODE § 703.110(a); HAW. REV. STAT. § 651-92(a)(2); KY. REV. STAT. ANN. § 132.810(2)(e); MASS. GEN. LAWS ch. 188, § 1; MINN. STAT. ANN. § 510.02; MO. ANN. STAT. § 513.475(1); MONT. CODE. ANN. §§ 70-32-103, 70-32-104; R.I. GEN. LAWS ANN. § 9-26-4.1(b).

[5] *In re Lindstrom*, 331 B.R. 267, 271 (Bankr. E.D. Mich. 2005)(applying Michigan law); *In re Foulk*, 134 B.R. 929, 930-31 (Bankr. D.Neb. 1986)(Nebraska law); *In re Lenox*, 58 B.R. at 106 Nevada law); I*n re Reisnour*, 56 B.R. 225, 227 (D. N.D. 1985)(North Dakota law); *D'Avignon* 34 B.R. 796 (Vermont law).

[6] The debtors in *D'Avignon* filed separate bankruptcy petitions in an attempt to save all of their equity in their homestead property, each exempting it as property held as tenants by the entirety. The bankruptcy court ordered that the cases be jointly administered, holding that it would be inequitable for both debtors to avail themselves of the protections of the bankruptcy court while retaining entireties property to the detriment of their joint creditors. *In re D'Avignon*, 34 B.R. 790, 796 (Bankr. D.Vt. 1981) *aff'd,* 34 B.R. 796 (D. Vt. 1982).

outbuildings and the land used in connection therewith, not exceeding $30,000.00 in value, and owned and used or kept by such person as a homestead together with the rents, issues, profits and production thereof, shall be exempt from attachment and execution except as hereinafter provided." VT. STAT. ANN. tit. 27, § 101. The debtors in the *D'Avignon* case argued that since each debtor was a natural person, each was entitled to a homestead exemption of $30,000, for a total claimed exemption of $60,000 in the same parcel of property. *Id* at 797. The court disagreed, holding instead that the purpose of a homestead is to preserve a home for the family unit. *Id.* at 800. As additional rationale for its decision, the court cited § 105 of the same title of Vermont law, which protected the interest of the surviving spouse in the homestead should one spouse die. *Id.* The court reasoned that if the homestead exemption were intended to be doubled, then § 105 would be unnecessary because the surviving spouse would already be in possession of his or her own $30,000 exemption in the property. *Id.* (citations omitted).

When confronted with the same argument as the *D'Avignon* court, a Michigan court also held that each spouse is not independently entitled to claim the full homestead exemption amount in the same residence. *In re Davis*, 329 F.Supp. 1067 (E.D. Mich. 1971). In so holding, the *Davis* court pointed out that the homestead exemption in Michigan, which was a creature of statute, was created to protect "the actual home of the family" from the claims of creditors. *Id.* at 1070. The language of the Michigan statute at issue in that case referenced "residents" as those who could claim the exemption. The debtors argued that this reference created an independent right in each of them to claim an exemption, but the *Davis* court rejected that argument, opining instead that the word "resident" simply defined the class of people who could claim the exemption. *Id.* at 1072. The court instead viewed the homestead exemption not as a personal right to be claimed by every resident, but rather a protection of a family unit's home. *Id.* at 1071.

In contrast, the Fourth Circuit Court of Appeals determined that § 522(m) required that the Virginia homestead exemption be construed to permit a separate exemption to each spouse who contributes to the maintenance of the home. *Cheeseman v. Nachman (In re Cheeseman)*, 656 F.2d 60 (4th Cir. 1981). The court in *Cheeseman* held that the language of the Virginia statute was ambiguous, and thus the court looked to policy concerns to resolve whether joint debtors in Virginia may double the homestead exemption. In holding that they may do so, the court noted that the homestead exemption is the most important exemption to many Virginia residents, and expressed concern that permitting only one exemption per residence would lead to marital discord and an unwillingness to "weather[] the storm together." *Id.* at 64. Most courts considering the rationale and result of *Cheeseman* disagree, both on the grounds that § 522(m) does not require states to permit the doubling of exemption, and on the grounds that the policy considerations identified by the panel in *Cheeseman* are not compelling. *See, e.g., Granger v. Watson (In re Granger)*, 754 F.2d 1490, 1491-92 (9th Cir. 1985)(applying Oregon law). In *Granger,* the Ninth Circuit Court of Appeals rejected the *Cheeseman* rationale, holding instead that a state's ability to opt out of the federal exemption scheme includes the ability to provide different exemptions to single debtors than those provided to two debtors in the same household. *Id.* The Oregon statute, however, explicitly provided a $15,000 homestead exemption for a single debtor, but a $20,000 homestead exemption for more than one debtor of the same household. *Id.* The Eighth Circuit Court of Appeals agreed with the rationale in *Granger* in holding that opt-out states may limit joint debtors to a single homestead exemption. *Stevens,* 829 F.2d 693.[7] The Eleventh Circuit Court of Appeals likewise held that § 522(m) did not mandate

---

[7] In addition to accepting the rationale in *Granger,* the Eighth Circuit also focused on the 1984 amendment to § 522(m), in which Congress added the language "subject to the limitation in subsection (b)." A leading bankruptcy treatise has pointed out that the reference in § 522(m) to § 522(b) "simply reiterates the prohibition against mixing

separate homestead exemptions under a prior Alabama statute that allowed only one exemption to joint debtors. *First National Bank v. Norris*, 701 F.2d 902 (11th Cir. 1983).

**D.     Mississippi Homestead Exemption.**

The Mississippi statute is silent as to whether married debtors may double the exemption. The current statute provides:

> Every citizen of this state, male or female, being a householder shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him, or her, but the quantity of land shall not exceed one hundred sixty (160) acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of Seventy-five Thousand Dollars ($75,000.00); provided, however, that in determining this value, existing encumbrances on such land and buildings, including taxes and all other liens, shall first be deducted from the actual value of such land and buildings. But husband or wife, widower or widow, over sixty (60) years of age, who has been an exemptionist under this section, shall not be deprived of such exemption because of not residing therein.

MISS. CODE ANN. § 85-3-21.  Likewise, the Mississippi Supreme Court has not addressed in a published opinion whether Mississippi debtors are permitted to double their homestead exemptions.  This Court would certify this question to the Mississippi Supreme Court, but Rule 20(a) of the Mississippi Rules of Appellate Procedure provides that only the United States Supreme Court or a United States Court of Appeals may so certify.  MISS. R. APP. P. 20(a). Absent a clear directive from the Mississippi Supreme Court, this Court is tasked with making a "tenable forecast" of what the Mississippi Supreme Court would do if faced with the present question.  *See Stevens,* 829 F.2d at 696 (Arnold, J., concurring).

---

and matching federal and state exemptions when those separate exemption systems are available." 4 COLLIER ON BANKRUPTCY ¶ 522.04[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

1. **The *Temple* case.**

The Trustee relies on the Fifth Circuit case of *Joe T. Dehmer Distributors, Inc. v. Temple*, 826 F.2d 1463 (5th Cir. 1987) as authority for the proposition that the doubling of the Mississippi homestead exemption is not permitted. The analysis of that case is more nuanced than the Trustee suggests. Although the Fifth Circuit did state in *Temple* that "each homestead has only one exemption," that was not the issue before the court, and was not considered by the court, because it was conceded by all parties. *Id.* at 1469.

In *Temple*, the non-debtor estranged wife of the debtor was essentially attempting to claim two exemptions for herself – one based on her own interest in the property and the other based on her estranged husband's interest in the property. *Id.* The Fifth Circuit had no need to consider whether doubling was permitted under Mississippi law, because the non-debtor wife was trying to assert two homestead exemptions in one parcel of property for one person, not two homestead exemptions in one parcel for two people. A review of cases decided by Mississippi courts also yielded no published decision on the propriety of doubling the homestead exemption. Accordingly, there is no case law directly on point in this circuit or in this state.

2. **The History of the Mississippi Homestead Exemption Statute.**

An early version of the Mississippi homestead exemption statute was enacted in 1848, and provided, in relevant part, "[t]hat every free white citizen of this state, male or female, being the head of a family, shall be entitled to own, hold and possess*,* free and exempt from sale by virtue of any judgment, order or decree of any court of law or equity in this state, ... one hundred and sixty acres of land ...." Chapter 62, Article 17, Mississippi Code of 1848; *In re Cobbins*, 234 B.R. 882, 884-85 (Bankr. S.D. Miss. 1999) *aff'd*, 227 F.3d 302 (5th Cir. 2000). In 1857, the statute was amended to substitute the phrase "being a householder and having a family" for

"head of a family," and the statute was further amended to include exemption for "the land and buildings owned and occupied as a residence." Chapter 61, Article 281, Mississippi Code of 1857; *Cobbins*, 234 B.R. at 884-85. Statutory changes following the 1857 amendments were "relatively infrequent and for the most part, minimal." *Cobbins*, 234 B.R. at 885. For instance, after the value of the land exemption was increased in 1871 to $2,000.00, the statute remained substantively the same until 1906, when the dollar amount of the exemption was again increased. *See* § 2135, Mississippi Code of 1871; § 1248, Mississippi Code of 1880; § 1970, Mississippi Code of 1892; § 2146, Mississippi Code of 1906; *Cobbins*, 234 B.R. at 885.

Other than subsequent periodic increases in the value of the land permitted to be claimed exempt, few substantive changes in the statute occurred over the years. In 1917, the homestead exemption statute was amended to excuse persons over sixty years from the occupancy requirement. § 1821, Mississippi Code of 1917. In 1942, it was amended to allow for the deduction of taxes and other liens from the value of the land and buildings. MISS. CODE ANN. § 317 (1942). Finally, in 1979, the phrase "having a family" was deleted to allow the homestead exemption to be claimed by unmarried landowners. MISS. CODE ANN. § 85–3–21 (1979). The current statute provides that a homestead exemption is permitted to "[e]very citizen of this state, male or female, being a householder." MISS. CODE ANN. § 85-3-21 (2014).

A review of the history of this statute reveals that it has always been interpreted and amended to provide protection to safeguard the home of the debtor and his or her family.[8] Most of the changes to the statute simply reflect the overdue evolution of the rights of racial and ethnic minorities and women, as well as the increase in the value of property over time. *See, Cobbins*,

---

[8] Similarly, if married joint debtors are estranged or separated or otherwise maintain separate households, each debtor may claim a separate homestead exemption in his or her residence in accordance with state law. *See, e.g., Colwell v. Royal International Trading Corp. (In re Colwell),* 196 F.3d 1225 (11th Cir. 1999); *In re Roberge,* 307 B.R. 442, 448 (Bankr. D. Vt. 2004).

234 B.R. at 884-85. The statute has never been interpreted to allow doubling of the exemption on a single homestead, and the Court declines to so interpret it now.

### 3. Analysis of the Mississippi Homestead Exemption Statute.

The Mississippi statute at issue in this case refers to "every citizen of this state" as the class of persons entitled to claim a homestead exemption. MISS. CODE ANN. § 85-3-21. Like the Michigan statute interpreted by the *Davis* court, and the Vermont statute interpreted by the *D'Avignon* court, this Court holds that the statute allows only one homestead exemption per residence, which protects the actual home of the family unit residing on the property. Nothing in the history of the Mississippi exemption statutes or their application suggests that the opposite result should be reached by this Court. Courts and practitioners have been interpreting the Mississippi homestead exemption statute for over 150 years. If the Mississippi legislature disagreed with the application of that statute, and intended that the homestead exemption be doubled for married couples, then it could have included language to that effect in one of its many amendments to the statute since its inception in 1848. It has not chosen to do so. *See Pennsylvania Pub. Welfare Dep't v. Davenport*, 495 U.S. 552, 563 (1990), *superseded by statute on other grounds* ("We will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure.")(citation omitted).

In *Partee v. Stewart*, 50 Miss. 717, 1874 WL 4631 (1874), the Mississippi Supreme Court considered whether a married woman owning separate real estate where she resided with her husband and children was entitled to claim a homestead exemption. In finding that the wife was entitled to the exemption, the Mississippi Supreme Court opined that the policy of Mississippi's homestead exemption statute is that "families shall not be deprived of shelter and reasonable comforts," and that the state is "concerned that the citizen shall not be reduced to pauperism, by

deprivation of means of support." *Id.* at *2 (citation omitted). That court held that the prerequisites to claim the homestead exemption are (1) the ownership of the land, and (2) residence upon it with a family.[9] *Id.* at *3.

Reading § 85-3-21 of the Mississippi Code, in conjunction with the history of the application of and policies underlying the homestead exemption in Mississippi law, this Court is more persuaded by the reasoning of *Granger* and similar cases. The Court concludes that the phrase in the exemption statute providing that "[e]very citizen of this state, male or female, being a householder . . ." simply provides the class of people who are permitted to claim a homestead exemption. MISS. CODE ANN. § 85-3-21. The statute does not provide for more than one homestead exemption to be applied to a single residence, regardless of how many individual debtors reside therein. To hold otherwise would ignore Mississippi law and policy regarding homestead exemptions, and extend the legislative grant beyond that which was intended by the Mississippi legislature.

**E.  Tenancy by the Entirety.**

Having concluded that the Debtors may not double the homestead exemption, one issue remains in this case. The Debtors own their homestead as tenants by the entirety. In addition to exemptions under state law, a Mississippi debtor may also exempt his interest in property held as a tenant by the entirety to the extent that interest would have been exempt under non-bankruptcy law. 11 U.S.C. § 522(b)(3)(B). Although some states have specifically provided for the exemption of entireties property in their statutes, doing so is not necessary, as entireties property is also properly claimed as exempt if it is exempt from process under a state's common law. *In*

---

[9] The requirement that the debtor reside on the property remains (except for those persons over 60), but the statute has since been amended to delete the requirement that the debtor reside thereon with a family.

*re Hunter*, 970 F.2d 299 (7th Cir. 1992); *Greenblatt v. Ford (In re Ford)*, 638 F.2d 14 (4th Cir. 1981).

The estate of tenancy by the entirety has long been recognized by Mississippi as a valid and statutorily protected form of property ownership between husband and wife. MISS. CODE ANN. § 89-1-7; *Ayers v. Petro*, 417 So.2d 913, 916 (Miss. 1982); *Hemingway v. Scales*, 42 Miss. 1, 12-13 (1868). As succinctly explained by the court in *In re Dixon*, No. 10-51214-KMS, slip op. at 12 (Bankr. S.D. Miss. Mar. 31, 2011),

> Mississippi law clearly states that in an estate by entirety, each spouse simultaneously is seised of the whole estate, that is title, interest and possession, and the Mississippi Supreme Court has emphasized that no action taken by one of the two tenants in entirety can terminate the rights of the other to the full panoply of rights in the estate.

(citing *Ayers*, 417 So.2d at 913-14). While a valid marriage exists, neither party to the estate may sever the title "so as to defeat or prejudice the right of survivorship of the other, and a conveyance executed by only one of them does not pass title." *Ayers*, 417 So.2d at 914 (citing *Cuevas v. Cuevas*, 191 So.2d 843 (Miss. 1966); *McDuff v. Beauchamp*, 50 Miss. 531 (1874); *Hemingway v. Scales*, 42 Miss. 1 (1868)).

In distinguishing tenancy by the entirety from joint tenancy, the *Ayers* court explained that, "[s]trictly speaking, a tenancy by entirety is not a joint tenancy but is a sole tenancy…" *Ayers*, 417 So.2d at 914 (quoting 41 C.J.S., *Husband and Wife*, § 33(b)).[10] The *Dixon* court further elaborated on that point by stating, "if a property is granted to husband and wife as tenants by the entirety, the law treats the property as if it is *owned by a third, fictional corporate entity*

---

[10] The fact that the Debtors hold the property as tenants by the entirety further bolsters the Court's conclusion above that the Debtors are not entitled to a double exemption in the homestead property. Effectively, the Debtors own the homestead as a single marital entity, and not as individuals with undivided, half-interests in the property. Accordingly, the Debtors are only entitled to a single exemption up to a maximum of $75,000.00, applied against the full equity in their residence.

*consisting of the combined legal personas of the husband and wife*." *Dixon*, No. 10-51214-KMS, slip op. at 10 (emphasis supplied); *see also, Newton v. Long (In re Estate of Childress)*, 588 So.2d 192, 194-95 (Miss. 1991) ("there is but one estate held by only one 'person' – the marriage itself."). "Allowing judgment creditors to execute process against an estate by entirety by virtue of the actions, i.e. the accumulation and non-payment of debt and the associated liability incurred by only one spouse violates these core principles." *Dixon*, No. 10-51214-KMS, slip op. at 12 (citing *Barber v. K-B Bldg. Co. (In re Barber)*, 339 B.R. 587, 593 (Bankr. W.D. Penn. 2006)). Accordingly, any non-exempt equity in the Debtors' homestead may be administered only to the extent of the joint claims against the Debtors. The nonexempt portion of any sale proceeds may be distributed only to pay the claims of joint creditors, as bankruptcy should not provide creditors with an advantage to which they are not entitled outside of bankruptcy. *In re Himmelstein,* 203 B.R. 1009 (Bankr. M.D. Fla. 1996); *In re Ginn*, 186 B.R. 898 (Bankr. D. Md. 1995).

## III. CONCLUSION

For the reasons set forth above, the Court concludes that the Debtors may not double their homestead exemption. In addition, because their residence is held as tenants by the entirety, it may only be administered to satisfy the claims of joint creditors. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Objection is **SUSTAINED.**

##END OF ORDER##